# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3317 | **DATE** | 6/3/2011 |
| **CASE TITLE** | Link vs. Social Security Administration | | |

**DOCKET ENTRY TEXT**

Along with a complaint [1], Plaintiff has filed a application for leave to proceed *in forma pauperis* [3] and a motion for appointment of counsel [4]. For the reasons stated below, Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted, and Plaintiff's motion for appointment of counsel [4] is denied without prejudice. The Clerk is directed to change the caption of the complaint to reflect the proper Defendant, Michael J. Astrue, Commissioner of Social Security, in place of the named Defendant, Social Security Administration. The Clerk is directed to issue summons and the United States Marshals Service is requested to effectuate service of the summons and complaint on Defendant. Finally, the Clerk is directed to send Plaintiff a Magistrate Judge Consent Form along with a copy of this order. Please see below for further details.

■[ For further details see text below.]    Docketing to mail notices.Notices mailed by Judicial staff.

## STATEMENT

Based on the representations in Plaintiff's application and financial affidavit that Plaintiff currently is unemployed, that she has minimal income through child support and payments from the Department of Human Services, no substantial assets, and supports two minor children, the Court grants Plaintiff's application for leave to proceed *in forma pauperis* [3]. The Court requests that the Clerk of the Court accept the complaint for filing without payment of the fee.

However, the only proper Defendant in a civil action for review of an adverse determination by the Social Security Administration is the Commissioner of the SSA, Michael Astrue. See *Feiner v. Astrue*, 2007 WL 5515399, at *1 (W.D. Wis. Apr. 12, 2007). Rather than requiring Plaintiff to amend her complaint to make that change, the Court follows the sensible practice adopted by Judge Crabb in *Feiner* and directs the Clerk to change the caption of the complaint to reflect the proper Defendant, Michael J. Astrue, Commissioner of Social Security, in place of the named Defendant, Social Security Administration. The Clerk is requested to issue summons and the U.S. Marshals Service will be appointed to effectuate service of the summons and complaint on Defendant Astrue.

Plaintiff's motion for appointment of counsel [4] is respectfully denied without prejudice at this time. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); see also *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has

| STATEMENT |
|---|

discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson*, 433 F.3d at 1006). When a *pro se* litigant submits a request for appointment of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the Court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); see also N.D. Ill. Local Rule 83.36(c) (listing the factors to be taken into account in determining whether to appoint counsel).

After considering the factors cited above, the Court concludes that appointment of counsel is not warranted at this early stage of the case. Although Plaintiff has made some efforts to secure counsel on his own, the Court would like to review Defendant's responsive pleading before giving further consideration to whether the appointment of counsel may be appropriate. It also should be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits and that the Court will revisit whether appointment of counsel is warranted at all stages of the case, either on its own motion or on renewed motion by Plaintiff.